[Civ. No. 1353.   Second Appellate District.—June 6, 1913.]

## CHARLES L. HUBBARD, Respondent, v. CHARLES R. PRICE, Appellant.

SCHOOL LAND—EXAMINATION BY APPLICANT TO PURCHASE—FALSE AFFIDAVIT.—An applicant to purchase a section of state school land is required by section 3495 of the Political Code to make a personal examination of each legal subdivision to ascertain whether it is agricultural land; and if he makes false statements in his affidavit as to making such examination, his right to purchase may be defeated upon contest commenced within five years under section 3500 of the Political Code.

ID.—CONTEST BETWEEN APPLICANTS—CONFLICTING EVIDENCE.—If there is a conflict in the evidence on such contest, the finding of the trial judge based thereon will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of San Bernardino County.   Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Lucian J. Clarke, and Hester, Merrill & Craig, for Appellant.

Jones & Evans, for Respondent.

ALLEN, P. J.—This action arises by virtue of a contest between plaintiff and defendant as to their respective rights to purchase a certain section of school land belonging to the state.   The trial court, upon the hearing of such contest, determined that plaintiff had fully complied with all of the conditions imposed by law; that the defendant, whose application

was filed in 1910, the affidavit in support of which was made in August, 1909, all at a date preceding the application of plaintiff, had not, before making his affidavit as required by section 3495 of the Political Code made a personal examination of each and every legal subdivision of such section of land, and under section 3500 of the Political Code his right to purchase was defeated by reason of the falsity of his affidavit filed with his application. A reading of section 3495 of the Political Code, as amended in March, 1909, indicates that such personal examination is made necessary because of the fact that the section also provides that any legal subdivision which could be cultivated without artificial irrigation and by ordinary process of tillage produce ordinary agricultural crops, shall be deemed to be agricultural land, with reference to which character of land the area authorized to be purchased is restricted; hence, the personal examination that these facts may be correctly set forth. They are matters which could only be stated after a careful and personal examination of each legal subdivision, and could not invariably be determined by a general examination of the entire tract from an overlooking eminence, or by generally passing through the section as an entirety. Whatever may have been the legislative intent, however, the condition of personal examination of each legal subdivision, by direct enactment, attaches, and if the applicant states falsely the matters connected therewith his right to purchase is defeated upon contest commenced within five years. There is a conflict in the evidence as to the fact of such personal examination by defendant before application, yet not of a particularly serious character, for from defendant's own statement the personal examination requisite is scarcely established. But the learned trial judge had before him the parties, heard their testimony, saw their demeanor and bearing as witnesses, and was in a position to determine the matter of credibility. We find evidence in the record sufficient to support each finding made by the court, and under the familiar rule the same will not be disturbed on appeal.

Judgment affirmed.

James, J., and Shaw, J., concurred.